**Opinion filed September 20, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00092-CV
_____

## IN THE INTEREST OF J.B.O., A CHILD

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 17-02-19956**

### M E M O R A N D U M   O P I N I O N

J.B.O.'s father appeals from an order in which the trial court terminated his parental rights. On appeal, the father presents five issues for review; he challenges the legal and factual sufficiency of the evidence and the effectiveness of trial counsel. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

After a trial de novo, the trial court found that J.B.O.'s father had committed three of the acts listed in Section 161.001(b)(1)—namely, those located in

subsections (E), (N), and (Q)—and that termination was in the best interest of the child. The father challenges each of these findings.

The record reflects that the Department of Family and Protective Services became involved with J.B.O. when he tested positive for marihuana and methamphetamine shortly after he was born. A safety plan was put into place, but it quickly failed. J.B.O. was removed and placed in foster care. J.B.O.'s mother voluntarily relinquished her parental rights.

Appellant, who has an extensive criminal history, was arrested approximately one month after J.B.O. was born. Appellant was incarcerated during much of the time that this case was pending below. On February 2, 2018, one month before the trial de novo, Appellant was sentenced to a term of confinement for four years for the offense of assault family violence, with previous convictions.

Appellant did not want his parental rights to be terminated and believed that he would be a good father to J.B.O. However, the caseworker, the child's guardian ad litem, and the child's attorney ad litem believed that termination of Appellant's rights would be in the best interest of J.B.O. The caseworker testified that Appellant's proclivity for criminal conduct endangered J.B.O. Based on information that the Department had received from J.B.O.'s mother, the caseworker also had concerns about Appellant's use of drugs and domestic violence between Appellant and J.B.O.'s mother.

J.B.O. had been placed in foster care and remained in the same foster home at the time of the trial de novo. The Department's plan for J.B.O. was adoption by that placement, with whom J.B.O. was very bonded. The foster mother testified that she loved J.B.O. and "[d]efinitely" wished to adopt him. The record reflects that all of J.B.O.'s needs, including treatment for a lifelong medical condition, were being met by the placement family.

In Appellant's third issue, he argues that the evidence is legally and factually insufficient to support the trial court's finding as to subsection (Q). To support a finding under subsection (Q), the record must show that the parent will be imprisoned or confined and unable to care for the child for at least two years from the date the termination petition was filed. FAM. § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). Once the Department has established that a parent's knowing criminal conduct resulted in his confinement for more than two years, the burden shifts to the parent to produce some evidence as to how he will arrange to provide care for the child during that period. *Hampton v. Tex. Dep't of Protective & Regulatory Servs.*, 138 S.W.3d 564, 567 (Tex. App.—El Paso 2004, no pet.); *In re Caballero*, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied); *see H.R.M.*, 209 S.W.3d at 110. When that burden of production is met, the Department then has the burden of persuasion that the arrangement would not satisfy the parent's duty to the child. *Hampton*, 138 S.W.3d at 567; *In re Caballero*, 53 S.W.3d at 396.

Here, the Department established that Appellant had been sentenced to a four-year term of confinement, during which Appellant would be unable to care for the child. The Department met its burden to show that Appellant would be imprisoned or confined and unable to care for J.B.O. for at least two years from the date the petition was filed. In response, Appellant testified that he had credit for "back time" and that he was already eligible for parole. Evidence of the availability of parole is relevant to determine whether the parent will be released within two years. *In re H.R.M.*, 209 S.W.3d at 109. However, because parole decisions are inherently speculative and rest entirely within the parole board's discretion, the introduction of parole-related evidence does not prevent a factfinder from forming a firm conviction or belief that the parent will remain incarcerated for at least two years. *Id.*

Appellant also testified that, while he was incarcerated, his mother would take care of J.B.O. for him. Appellant's mother, however, had been rejected by the Department as a caregiver for J.B.O. According to the caseworker, Appellant's mother's home was an inappropriate placement due to her criminal history or her paramour's criminal history. The trial court could have formed a firm belief or conviction that, due to his incarceration, Appellant would be unable to care for J.B.O. for at least two years from the date of the petition. Thus, the evidence was legally and factually sufficient to support the trial court's finding under subsection (Q). We uphold the trial court's finding under subsection (Q) and, therefore, need not address the father's first and second issues, which relate to the findings under subsections (E) and (N). *See* FAM. § 161.001(b)(1); *see also* TEX. R. APP. P. 47.1. We overrule Appellant's third issue.

With respect to Appellant's fourth issue, we hold that, based upon the *Holley* factors and the evidence in the record, the trial court's best interest finding was supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The evidence indicated that the instability of Appellant and his continued criminal conduct were things that would prevent him from meeting both the physical and emotional needs of J.B.O. now and in the future. Appellant's conduct, including domestic violence against a family member, was such as would endanger a child. We note that, although J.B.O. is not old enough to express his desires, he has bonded with his foster mother and shows great affection toward her. The foster mother is able to provide a safe, stable home for J.B.O. and wants to adopt him. We conclude that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of J.B.O. We overrule Appellant fourth issue.

In his final issue, Appellant contends that he received ineffective assistance of counsel at trial because trial counsel (1) failed to properly advise Appellant

regarding the procedure of the case and to ensure that Appellant received due process through an adversary hearing, (2) failed to object to various evidence admitted at trial, and (3) failed to call corroborating witnesses or offer corroborating documents into evidence. A parent in a termination case has the right to "effective counsel." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To prevail on a claim of ineffective assistance of counsel, a parent must generally show (1) that trial counsel's performance was deficient and (2) that the deficient performance was so serious as to deny the parent a fair and reliable trial. *In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009) (following the two-pronged analysis of *Strickland v. Washington*, 466 U.S. 668 (1984)); *M.S.*, 115 S.W.3d at 545 (same).

Based upon this court's review of the entire record, we conclude that Appellant has not shown that trial counsel was ineffective. First, nothing in the record indicates that trial counsel failed to properly advise Appellant or that Appellant's due process rights were violated in any way. Second, as for trial counsel's alleged failure to lodge evidentiary objections, we note that none of the alleged failures relate to the finding made by the trial court under Section 161.001(b)(1)(Q), which this court has upheld on appeal—that Appellant had knowingly engaged in criminal conduct that has resulted in conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. *See In re E.M.H.*, No. 11-16-00254-CV, 2017 WL 922406, at *3 (Tex. App.—Eastland Mar. 3, 2017, pet. denied) (mem. op.). Furthermore, we cannot hold that trial counsel's failure to lodge the various evidentiary objections pointed out in Appellant's brief constituted deficient performance that was so serious as to deny Appellant a fair and reliable trial. Third, the record reflects that trial counsel cross-examined the Department's witnesses and also called witnesses to testify on Appellant's behalf. Appellant has not shown that his trial counsel's failure to call other witnesses or offer documentary evidence fell

6

outside the range of reasonably professional assistance.  Nothing in the record shows that these other witnesses were available to testify or what their testimony would have been.  Appellant has failed to satisfy the *Strickland* test.  Thus, we overrule his fifth issue on appeal.

We affirm the order of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


September 20, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.